UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEWART INTERIOR CONTRACTORS, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 05-2176 |
| GM&R CONSTRUCTION CO., INC., *ET AL.* | SECTION: "S" (5) |

ORDER AND REASONS

**IT IS ORDERED** that the motions to stay proceeding pending arbitration filed by defendants GM&R Construction Co., Inc. (Document 9) and St. Paul Fire and Marine Insurance Co. (Document 12) are hereby **GRANTED**, and this case is **STAYED** pending arbitration.

A.   Background.

Plaintiff Stewart Interior Contractors, L.L.C. alleges that it contracted with defendant GM&R Construction Co., Inc. to supply equipment, material, and labor for the installation of drywall in connection with the construction of Schoen Middle School. Stewart alleges that GM&R owes it $85,031.13 under this contract. Stewart has sued GM&R and its insurer, St.

1

Paul,[1] under the Louisiana Public Works Act, LSA-R.S. 38:2241 *et seq.*, and for breach of contract under state law.

Paragraph 18 of the contract between Stewart and GM&R provides:

18.     RESOLUTION OF DISPUTES

The Subcontractor agrees that any and all disputes arising out of this contract will be resolved by arbitration in accordance with the rules of the American Arbitration Association, then obtaining, and the location of any proceedings will be in Bay St. Louis, Mississippi.

GM&R and St. Paul has moved to stay proceedings pending arbitration based on this provision.

**B.     Analysis.**

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S.Ct. 1204, 1207 (2006). In determining whether a dispute is referable to arbitration, the court must analyze whether an agreement to arbitrate exists and whether the claim at issue falls within the agreement:

> To ascertain whether the parties have agreed to arbitrate a particular claim, we must determine (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.  In view of the policy favoring arbitration, we ordinarily "resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration."  As a consequence, a valid agreement to arbitration applies "unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue."

*Personal Security & Safety Systems v. Motorola, Inc.*, 297 F.3d 388, 391 (5th Cir. 2002) (citations omitted).

The court finds that the contract between the parties contains a valid arbitration provision. Plaintiff argues that the arbitration provision is invalid under LSA-R.S. 9:2779, which

---

[1]     Because St. Paul is GM&R's insurer, it may invoke the arbitration clause in GM&R's contract with Stewart.  *See* Louisiana Civil Code Art. 3046.

nullifies certain arbitration provisions in construction contracts. In *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443 (5th Cir. 2001), the Fifth Circuit held that the Federal Arbitration Act preempts LSA-R.S. 9:2779:

> Section 9:2779 declares "null and void and unenforceable as against public policy any provision in [certain construction subcontracts] which []requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of [Louisiana]." The statute directly conflicts with 2 of the FAA because the Louisiana statute conditions the enforceability of arbitration agreements on selection of a Louisiana forum, a requirement not applicable to contracts generally. The FAA therefore preempts the Louisiana statute . . . .

*Id.* at 447. Additionally, the arbitration provision clearly encompasses the claim Stewart has asserted. The provision states that "any and all disputes arising out of this contract will be resolved by arbitration." Because the contract between the parties contains a valid agreement to arbitrate and the dispute in question falls within the scope of that arbitration agreement, the court finds that this case should be stayed pending arbitration.

**C.    Conclusion.**

GM&R Construction Company's and St. Paul Fire & Marine Insurance Co.'s motions are granted, and this case is stayed pending arbitration.

New Orleans, Louisiana this  12   day of June, 2006.

*Mary Ann Vial Lemmon*
Mary Ann Vial Lemmon
United States District Judge